## LINCOLN v. KIRK et al. (No. 9977.)*

(Court of Civil Appeals of Texas. Fort Worth. May 20, 1922. Rehearing Denied July 1, 1922.)

1. Frauds, statute of ⊂⊃129(9)—Oral contract to convey interest in mineral lease taken out of statute by showing possession under contract and improvements.

While an oral contract to convey an interest in a mineral lease is a contract to convey real estate, and in violation of the statute, it is taken out of the statute where it is shown that possession under the contract was delivered and valuable and permanent improvements made pursuant thereto.

2. Frauds, statute of ⊂⊃129(7)—Drilling of oil well "improvement" taking oral contract for purchaser of land out of statute.

Where, under an oral contract for the purchase of an interest in an oil lease, purchaser went into possession and drilled two productive wells, the drilling of the wells constituted valuable and permanent improvements within the rule that a parol contract for the purchase of real estate is taken out of the statute where it is shown that possession under the contract was delivered and "improvements" made pursuant thereto.

3. Appeal and error ⊂⊃854(2)—Judgment not reversed on appeal if supported by pleadings and proof.

A judgment will not be reversed if the record shows that it is supported by the pleadings and proof, though the trial court assigned a different reason for his holdings.

4. Frauds, statute of ⊂⊃63(2)—Contract for net proceeds of oil lease not within statute.

A contract for a part of the net proceeds of an oil lease is not within the statute in-

hibiting parol proof of contracts for the conveyance of real estate.

**5. Frauds, statute of ⚭44(1)—Oral contract for part of net proceeds of lease not within statute as to agreements not to be performed within one year.**

An oral contract for a part of the net proceeds of an oil lease cannot be condemned under Rev. St. art. 3965, subd. 5, providing that no action shall be brought on any agreement not to be performed within one year from the making thereof unless in writing.

**6. Evidence ⚭11 — Common knowledge that wells are drilled which produce no oil.**

It is common knowledge in the history of oil developments that wells are frequently drilled and no production secured, or, if production is secured, it may continue less than one year.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by T. P. Kirk and another against R. A. Lincoln and others. From judgment for plaintiffs, defendant named appeals. Affirmed.

Engelking & Datson, of Electra, for appellant.

W. B. Chauncey, of Wichita Falls, for appellees.

CONNER, C. J. T. P. Kirk and O. C. Pruett instituted this suit complaining of R. A. Lincoln, W. P. Lincoln, Bob Brewer, and A. T. McDaniel, and alleged as a ground of action that during the month of May, 1919, the defendant R. A. Lincoln represented to the plaintiffs that he and his associates (the other defendants named) were going to purchase an oil and gas lease upon a described five-acre tract of land in Wichita county, Tex., and that said defendant R. A. Lincoln and his said associates contemplated drilling two wells on said tract of land, and that they desired the plaintiffs, or one of them, to drill the same; that, in addition to paying plaintiffs the usual drillers' wages, the defendant R. A. Lincoln agreed to sell the plaintiffs one-fifth of his undivided one-fourth interest in said oil and gas lease, to be paid for by the plaintiffs out of the production of the wells to be drilled on said lease in the event oil or gas in paying quantities should be produced; that plaintiffs accepted the offer of said R. A. Lincoln, and thereafter drilled two wells on said five-acre tract of land.

It was further alleged that, if the plaintiffs were mistaken in the foregoing allegations, then the defendant R. A. Lincoln, on or about the date stated, "agreed to sell plaintiffs a one-fifth interest of his undivided one-fifth interest" in said oil and gas lease and leasehold estate upon the terms above stated. It was alleged that plaintiffs were practical drillers, and had been working for the defendant R. A. Lincoln, and by their experience in drilling wells in that field could not afford to do the work requested for the usual salary, whereupon the said Lincoln contracted as alleged as an inducement to get the plaintiffs to undertake and drill the wells as they did. It will be unnecessary to notice further allegations, except to refer to what is designated by appellant R. A. Lincoln, as a second count, which is thus described in appellant's brief:

"As an alternative plea the plaintiffs say that the title to said oil and gas lease was to be taken in the name of W. P. Lincoln and held by him in trust for the other defendants and the plaintiffs herein, and that the said W. P. Lincoln was to pay to defendant R. A. Lincoln one-fifth of the proceeds from the operation of said lease after the expenses of development of said lease had been paid for, and that the defendant R. A. Lincoln was to pay to plaintiffs one-fifth of his one-fifth of the net proceeds from the operation of said property. Plaintiffs say that the defendant R. A. Lincoln has received as his part of the proceeds from the operation of said property, after the expenses of development and operation has been paid, about $15,000, the exact amount of which is unknown to plaintiffs, and that one-fifth of this amount under the agreement between plaintiffs and the defendant R. A. Lincoln belongs to these plaintiffs jointly, and that none of said amount has been paid. Plaintiffs say that said amount has been received by the said R. A. Lincoln from the time said lease began to produce oil up to the present time."

The defendant R. A. Lincoln answered by a general demurrer, a general denial, and also pleaded the statute of frauds and articles 1103 and 3965 of the Revised Statutes of Texas as a defense to the suit.

The case was tried before the court without a jury and resulted in a judgment for the plaintiffs Kirk and Pruett against R. A. Lincoln for the sum of $899.29, the other defendants being discharged by the judgment. R. A. Lincoln duly excepted to the judgment, and has duly prosecuted this appeal therefrom.

The court filed his conclusions of fact and law, which are as follows:

"Conclusions of Fact.

"The court finds that during the month of June, A. D. 1919, the defendants W. P. Lincoln, Bob Brewer, A. T. McDaniel, R. A. Lincoln, and Jess Lincoln, purchased an interest in an 'oil and gas lease and leasehold estate on the west half of block 22 of the Evans and Greenwood subdivision of the Elizabeth Stanley survey in Wichita county, Tex., and the title of said interest in said oil and gas lease and leasehold estate, in so far as seven-sixteenths of the oil and gas rights therein were concerned, was taken in the name of W. P. Lincoln, and held by him in trust for said parties, and that the defendant R. A. Lincoln was and is under said purchase the owner of an undivided one-fifth

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

interest therein; that on or about July 1, 1919, the defendant R. A. Lincoln entered into a contract with the plaintiffs T. P. Kirk and O. C. Pruett whereby the defendant R. A. Lincoln agreed to sell and deliver to plaintiffs a one-fifth of his undivided one-fifth interest of the net proceeds from the sale of oil off of said five-acre lease or from the sale of said lease-hold estate after the developing and operating expenses had been paid, if the plaintiffs or one of them would drill two wells upon said tract of land, and which offer was accepted by the plaintiffs, and said two wells were drilled on said tract of land in compliance with said contract; that the drilling of said wells was the consideration for said agreement.

"Since the drilling of said two wells, the defendant R. A. Lincoln, up to and including June 30, 1921, had actually received in cash as his portion of the proceeds from the sale of oil from said lease, the sum of $4,496.43 over and above his pro rata part of all of the expenses incurred in the payment of said lease and the developing and operating same, up to and including June 30, 1921, and that plaintiffs are entitled to a judgment against the defendant R. A. Lincoln for one-fifth of said amount, to wit, $899.28. In giving judgment for this amount the court is not taking into consideration the amounts received by the Lincoln Oil Company or owing by other parties to the Lincoln Oil Company not yet divided, but is only adjudicating as to the amounts actually received by the defendant R. A. Lincoln up to and including June 30, 1921, over and above expenses. The court further finds against the defendant R. A. Lincoln on his cross-action, and that the plaintiffs are not indebted to the defendant R. A. Lincoln in any sum.

"Conclusions of Law.

"The court finds as a matter of law that, even though the contract between the defendant R. A. Lincoln and plaintiffs was a verbal contract, said contract does not come within the statute of frauds, since it relates to proceeds from the sale of oil and the sale of property. The court also finds that the claims of the plaintiffs against the defendant R. A. Lincoln are not barred by the statute of limitation, but that, as a matter of law, the plaintiffs are entitled to a judgment against the defendant R. A. Lincoln, establishing their interest, and for the sum of $899.28, and for costs of suit.

"The court also finds that the defendant R. A. Lincoln can recover nothing as against the plaintiffs on his cross-action."

Appellant has presented 18 assignments of error, under which he urges 30 propositions, but we think the material questions presented are much less numerous, and we will make the effort to dispose of them in a general way. A number of assignments question the sufficiency of appellees' petition which relates to those allegations made the foundation of the prayer for a decree vesting in them an undivided one-fifth interest in appellant's undivided one-fifth interest in the lease. It is to be observed, however, that the court granted them no relief on this phase of the case. It is evident from the

243 S.W.—43

court's conclusions that the judgment in appellees' favor was granted under what has been termed the second count in the plaintiffs' petition, to wit, upon that theory of the case seeking to recover, not an interest in the lease as such, but a specific part of the net proceeds from the sale of oil produced upon the lease. The assignments referred to need not, therefore, be particularly discussed. It will be sufficient to say, we think, that, while the petition is perhaps not happily worded, yet all of the parties litigant and the court below construed appellees' petition as presenting two separate grounds of recovery: First, the right to recover an interest in the leasehold itself; and, second, the right to recover an interest in the proceeds of the oil produced upon the lease. We will therefore in our discussion consider appellees' petition as sufficiently presenting these several grounds of recovery, and overrule all assignments of error questioning the sufficiency of the petition.

[1] The evidence shows that the contract between the plaintiffs below and R. A. Lincoln was oral, and the only material questions left for our determination are whether the evidence supports the court's finding to the effect that a contract was made for part of the net proceeds of the oil as contradistinguished from an interest in the lease, and, if so, whether such contract is within the statute of frauds. Neither the pleadings nor the evidence in support of the issue upon which the court predicated his conclusions is entirely satisfactory to us. The petition as a whole undoubtedly contained allegations which, as against a general demurrer, are sufficient to support a finding that there was a contract in fact made for a part of the leasehold estate. But there is much force in the contention of the appellant that the petition considered as a whole and the evidence when considered as a whole tends to show that the claim of the plaintiffs for a part of the net proceeds of the oil was presented as a natural and necessary sequence or result of the contract to convey to the plaintiffs an undivided one-fifth interest in the lease. But, as before stated, the parties and the court below construed the petition as presenting the two issues separate and distinct, and a letter from R. A. Lincoln addressed to the plaintiffs, accounting for what was termed as their part of certain proceeds of the oil sold, together with other circumstances, perhaps sufficiently supports the trial court's conclusion and judgment on this issue. We are the more inclined to adopt this view of the pleadings and evidence for the reason that it appears to us that the plaintiffs, both by pleading and evidence, showed themselves entitled to an interest in the lease itself. For, while the contract was oral, and an oral contract to convey an interest in a mineral lease is

a contract to convey real estate, and therefore in violation of the statute of frauds, yet it is well settled that a parol contract for the purchase of real estate is taken out of the statute of frauds where it is shown that possession under the contract was delivered and valuable and permanent improvements are made pursuant thereto.

[2, 3] The evidence is undoubtedly sufficient to sustain the conclusion that R. A. Lincoln, as an inducement and as part consideration, contracted with the plaintiffs to give them one-fifth of his one-fifth interest in the leasehold, and there is no dispute as to the further fact that the plaintiffs, in reliance upon the contract, entered upon the land and drilled two productive wells thereon. The term "improvement" is expansive in its meaning, and we fail to find any reason why the drilling of such wells will not constitute valuable and permanent improvements within the principle of the rule, and, had the court predicated his judgment upon this theory of the case, there can be no doubt but that the plaintiffs were entitled as part owners to the net proceeds awarded to them by the judgment. The fact that the plaintiffs have not complained upon this appeal of the failure of the court to specifically enforce the contract as alleged by them for a part interest in the leasehold is not thought to be sufficient reason for ignoring this phase of the pleadings and evidence, for it is well settled that a judgment will not be reversed if the record shows that it is supported by the pleadings and proof, although the trial court may have assigned a different reason for his holdings.

[4] We will further observe that, viewed as a contract for the net proceeds, it was not within the statute of frauds, which inhibits parol proof of contracts for the conveyance of real estate. It seems almost apparent that conveyance of a part of the net proceeds is not a conveyance of real estate, and is has been so decided. See Parriss v. Jewell, 57 Tex. Civ. App. 199, 122 S. W. 399, writ of error denied; Snover v. Jones (Tex. Civ. App.) 172 S. W. 1122; 20 Cyc. 232; 25 R. C. L. p. 540, par. 130, and cases there cited.

[5, 6] Nor do we think the contract as found by the court can be condemned under the fifth paragraph of the statute of frauds (Rev. Stats. art. 3965), which inhibits actions "upon any agreement which is not to be performed within the space of one year from the making thereof." It is common knowledge in the history of oil developments that wells are frequently drilled and no production secured, or, if production is secured it may continue less than one year, and it is well settled that, where a contract may be performed within one year, it is not brought within the fifth subdivision of the statute of frauds. See Thouvenin v. Lea,

26 Tex. 612; Thomas v. Hammond, 47 Tex. 42; Betts v. Betts (Tex. Civ. App.) 220 S. W. 575; Robb v. S. A. Ry. Co., 82 Tex. 392, 18 S. W. 707; 25 Ruling Case Law, p. 454; 3 V. S. Tex. Civ. Stats. 1914, note 12, p. 2877.

On the whole, we conclude that all assignments of error should be overruled, and that the court's conclusions of fact and law should be adopted, and the judgment affirmed; and it is so ordered.