IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00283-CV

 

Clarence Campbell, Charles Corley, 

and Susan Aguilar,

                                                                                                Appellants

 v.

 

Northwestern Resources Company and 

Texas Westmoreland Coal Company,

                                                                                                Appellees

 

 

 



From the 87th District
Court

Leon County, Texas

Trial Court No. 0-05-511

 



MEMORANDUM  Opinion



 








            Clarence Campbell, Charles
Corley, and Susan Aguilar (“the Campbells”) sued Northwestern Resources Company
and Texas Westmoreland Coal Company[1]
(“Northwestern”) for breach of contract and fraudulent inducement.  In two
issues, the Campbells challenge the trial court’s granting of Northwestern’s traditional
and no-evidence motions for summary judgment.  We affirm in part and reverse
and remand in part.

FACTUAL BACKGROUND

Northwestern’s predecessor obtained a
coal lease on property later inherited by the Campbells.  Virginia Robertson of
Northwestern approached the Campbells about an amended lease.  In her
deposition, Robertson testified that the Campbells were “only [] willing to
sign a 10-year extension with a 10-year option that required an additional
bonus payment,” specifically, a $200 per acre bonus.  She accepted this request,
but no agreement was signed.  The Campbells’ attorney became involved for a
period of time, during which he suggested a guaranteed royalty.  Northwestern
agreed to make a $400,000 guaranteed production royalty payment.  Thus, Robertson
told the Campbells that Northwestern would not pay the bonus unless no mining
had begun.

The Campbells believed that the bonus would be paid if
mining was being conducted.  In
an affidavit, Campbell stated that he wanted to place cattle on the property.  He
negotiated with Robertson such that Northwestern would be off the property by
2004 or would pay a $200 per acre bonus, “regardless of the reason they were on
the land.”  Campbell stated that the parties knew he would not sign the lease
without the bonus.  Before he signed the lease, Robertson read a provision that
led Campbell to believe that a bonus would be paid if Northwestern had not
vacated the land by 2004.  In his deposition, Campbell testified that Robertson told him that the bonus
was in the lease because he had asked for it.

Specifically, the Campbells believed
that Paragraph 6 of the lease, entitled “DELAY RENTAL,” provided for the bonus:
“Upon execution of this amendment, see Addendum,
Paragraph 4, Lessee shall pay Lessor, as a bonus payment, the sum of
Two-Hundred Dollars ($200.00) per acre for each and every acre of the Premises
herein described.”  Paragraph 4 of the addendum provides: “[U]pon exercise of
its option to extend the Primary Term, if so exercised.  The option to extend
the Primary Term will obligate Lessee to pay the said bonus unless the premises
is [sic] released as provided in paragraph 16.”  Jerome Kirchmeier of Northwestern
interpreted the lease to mean that the bonus would be paid if no mining had
been conducted.  He believed that “everything [the Campbells] wanted is in the
lease.”  The parties do not dispute that mining operations continued after the
primary term ended in 2004.

TRADITIONAL SUMMARY JUDGMENT

In
issue one, the Campbells argue that the trial court erroneously granted summary
judgment on Northwestern’s affirmative defense of statute of frauds because
Northwestern verbally agreed to provide a bonus and said agreement falls under
the partial performance exception to the statute of frauds.[2] 
See Tex. Bus. & Com. Code
Ann. § 26.01(a), (b)(5)-(7) (Vernon 2009) (statute of frauds).

We review a trial court’s summary
judgment de novo.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  In reviewing a summary judgment, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all of the evidence presented.  See Goodyear Tire & Rubber Co.
v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); City
of Keller v. Wilson, 168 S.W.3d 802, 822-24 (Tex. 2005)).  We must consider
all the evidence in the light most favorable to the nonmovant, indulging every
reasonable inference in favor of the nonmovant and resolving any doubts against
the movant.  See Goodyear Tire, 236 S.W.3d at 756 (citing Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); Spates, 186 S.W.3d
at 568).

“[C]ontracts that have been partly
performed, but do not meet the requirements of the statute of frauds, may be enforced in
equity if denial of enforcement would amount to a virtual fraud.”  Exxon Corp. v. Breezevale, Ltd., 82 S.W.3d 429, 439 (Tex.
App.—Dallas 2002, pet. denied).  To
establish partial
performance, a party must show: (1) payment of consideration; (2)
possession of the property by the buyer; and (3) permanent and valuable
improvements by the buyer with the consent of the seller or other facts
demonstrating that the buyer would be defrauded if the agreement were not
enforced.  Lovett v.
Lovett, 283 S.W.3d 391,
393-94 (Tex. App.—Waco 2008, pet. denied).  “[A] vendor
may be entitled to enforce
an oral contract
if he shows performance of the contract by delivery of possession to the
purchaser and a detrimental change of position for which the vendor has no adequate remedy.”  Carmack v. Beltway Dev. Co.,
701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no writ).

The partial performance must be “unequivocally
referable to the agreement and corroborative of the fact that a contract
actually was made.”  The acts of performance relied upon to take a parol
contract out of the statute
of frauds must be such as could have been done with no other design
than to fulfill the particular agreement sought to be enforced; otherwise, they
do not tend to prove the existence of the parol agreement relied upon by the
plaintiff.  

 

Breezevale, 82 S.W.3d at 439-40.

Citing Lincoln v. Kirk, 243 S.W.
671 (Tex. Civ. App.—Fort Worth 1922, writ dism’d w.o.j), the Campbells argue that they: (1) performed
by providing the property to Northwestern; and (2) relied on Northwestern’s
promises to their detriment, being unable to place cattle on the property and
receiving no bonus payment to offset this damage.

In Lincoln, Kirk and Pruett agreed to drill two
wells in exchange for one-fifth of Lincoln’s interest in an oil and gas
lease.  See Lincoln, 243 S.W. at 672.  They sued when Lincoln failed to convey
the one-fifth interest, after they had drilled the wells from which Lincoln had begun receiving payments.  Id.  The Court held:

For, while the contract was oral, and an
oral contract to convey an interest in a mineral lease is a contract to convey
real estate, and therefore in violation of the statute of frauds, yet it
is well settled that a parol contract for the purchase of
real estate is taken out of the statute of frauds where it is shown that
possession under the contract was delivered and valuable and permanent
improvements are made pursuant thereto.

 

Id. at 673-74.  Unlike Lincoln, this
case does not involve partial performance of a verbal agreement.

In Cox v. First River Place Reserve, No.
03-01-00601-CV, 2002
Tex. App. LEXIS 7761 (Tex. App.—Austin Oct. 31, 2002 pet. denied) (not
designated for publication), Reserve
agreed, in a letter of intent, to pay a total commission of six percent to Cox
and Duncan.  See Cox,
2002 Tex. App. LEXIS 7761 at *3.  The
written contract, however, provided a four percent commission.  Id. at *4.  Cox sued, alleging breach of the agreement by failure to pay his half,
three percent, of the six percent commission.  Id. at *5.  The trial
court granted summary judgment in favor of Reserve.  Id. at *6-7.  On
appeal, Cox argued, in part, that “payment of the two-percent commission,
combined with other evidence, is a partial performance of the obligation to pay
three percent that renders the promise to pay three percent enforceable.”  Id. at *14.  The Austin Court disagreed: 

The summary judgment evidence is
clear, however, that Reserve paid the two-percent commission to satisfy its
express obligation under the August 1994 sale contract.  This payment was
not partial performance of an oral contract but full performance of a written
agreement.  Whether that written agreement was fraudulently induced is a
separate issue.  But there is no dispute as to the purpose of Reserve’s payment
of the two-percent commission.

      

Id. at *14-15 (emphasis added). 

 

Under the written lease, Northwestern
received possession of the property from the Campbells and commenced mining
operations.  Performance was taken to fulfill the written lease agreement, not an
alleged verbal agreement to make a bonus payment.  See Cox, 2002 Tex. App. LEXIS 7761, at *14-15; see also Breezevale, 82 S.W.3d at 439-40.  Accordingly, the performance in this
case is not “unequivocally referable” to the verbal agreement.  Breezevale, 82 S.W.3d at 439-40.  The Campbells have not produced evidence
raising a fact issue as to partial
performance. 
See Lovett, 283 S.W.3d at 393-94.  The trial court
properly granted Northwestern’s motion for partial summary judgment on the Campbell’s breach of contract claim.  We overrule issue one.

NO-EVIDENCE SUMMARY JUDGMENT

In issue two, the Campbells contend that
the trial court erroneously granted summary judgment on their fraudulent
inducement claim.

We review a no-evidence summary judgment
under the same standard of review as a directed verdict.  See Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006).  “We review the evidence
presented by the motion and response in the light most favorable to the party
against whom the summary judgment was rendered, crediting evidence favorable to
that party if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not.”  Id. at 582.  A
no-evidence summary judgment will be defeated if the non-movant produces some
evidence “raising an issue of material fact” on the elements challenged by the
movant.  Id.

Fraudulent
inducement is
established by: (1) a material misrepresentation; (2) which was false; (3)
which was known to be false when made or was made recklessly as a positive
assertion without knowledge of its truth; (4) which was intended to be acted
upon; (5) which was relied upon; and (6) which caused injury.  Fletcher v. Edwards, 26 S.W.3d 66, 77 (Tex. App.—Waco
2000, pet. denied).
 In its no-evidence motion, Northwestern challenged elements two, three, and
six.[3]

Viewing the evidence in the light most
favorable to the Campbells, they presented evidence that Northwestern agreed to
pay the requested bonus.  Robertson knew that the Campbells were unwilling to
sign the lease without this bonus.  Although she testified that the bonus was
replaced by a guaranteed payment, she also testified that a bonus would be paid
if Northwestern was not mining the property at the end of the primary
term.  The Campbells, however, understood that the bonus was to be paid if
Northwestern was mining the property at the end of the primary term.  In
fact, Campbell stated that he wanted to place cattle on the property; thus, he
did not want to sign the amended lease.  He requested the bonus and Robertson
assured him, before he signed the lease, that the lease provided for the bonus
and led him to believe that paragraph 6 of the lease contained the bonus that
he had requested.  We conclude that the Campbells presented some evidence raising an issue of
material fact on the elements challenged by Northwestern.  See Tamez,
206 S.W.3d at 582.  We sustain issue two.

We affirm the trial court’s judgment as
to the Campbell’s breach of contract claim.  We reverse the trial court’s
judgment as to the Campbell’s fraudulent inducement claim and remand this cause
to the trial court for further proceedings consistent with this opinion.

 

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed in
part; reversed and remanded in part 

Opinion
delivered and filed November 4, 2009

[CV06]

 

*           (Chief
Justice Gray concurs in the judgment.  A separate opinion will not issue.  He
notes, however, that by joining the judgment no inference can or should be made
about the propriety of the claim of fraudulent inducement.  We can answer only
those limited issues presented to us.  This is particularly true with regard to
a no-evidence summary judgment.)









[1]               Westmoreland purchased
Northwestern.    





[2]               In the trial court, the Campbells also argued
that Northwestern breached paragraph 6 of the lease.  Northwestern’s
no-evidence motion challenged this claim.  When granting Northwestern’s
motions, the trial court “found” that: (1) the lease is unambiguous; (2) the
lease did not require performance or partial performance by the Campbells; (3) there was no evidence that the Campbells were fraudulently induced to enter
the lease; and (4) the lease falls within section 26.01 of the Business and
Commerce Code.  But see Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994) (“findings
of fact and conclusions of law have no place in a summary judgment proceeding.”).
 The Campbells do not challenge whether Northwestern breached paragraph 6 of
the lease or whether summary judgment was proper as to this claim.





[3]               On appeal, Northwestern
challenges the reliance element of the Campbells’ fraudulent inducement claim. 
However, this challenge was not raised in the trial court.  See Nat'l Cafe Servs., Ltd. v. Podaras, 148 S.W.3d 194, 196 n. 1 (Tex.
App.—Waco 2004, pet. denied) (on appeal from summary judgment, “[w]e consider only
those grounds
‘the movant actually presented to the trial court’ in the motion”) (quoting Fletcher v. Edwards, 26 S.W.3d 66, 74 (Tex. App.—Waco
2000, pet. denied) (quoting Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex.
1996))).