T. D. GARDNER, Appellant,

v.

Gary L. KERLY, Appellee.

No. A2552.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 11, 1981.

Gary L. Murphree, Houston, for appellant.

Thomas P. Grant and F. Glenn Smith, Houston, for appellee.

Before PRESSLER, JUNELL and MURPHY, JJ.

PRESSLER, Justice.

This is an appeal from a judgment awarding damages for trespass upon realty and destruction by Appellee of a barbed wire fence owned by Appellant. Trial was to a jury which found actual damages of $172. The jury also found that Appellee had not acted willfully or intentionally in a manner indicating intent to bring about injury. The jury answered the exemplary damages issue "attorney fees of no more than $1,500." The court entered judgment for Appellant for the actual damages found but denied recovery of exemplary damages.

Appellant complains in his second point of error that the answer to special issue number two inquiring about Appellee's willfulness or intent is so against the great weight and preponderance of the evidence as to be manifestly unjust. The record reveals that in August, 1979, Appellant erected a barbed wire fence on his unimproved realty adjacent to the rear of Appellee's residential lot. It is undisputed that after September 3, 1979 but prior to January 2, 1980 Appellee, without notice to Appellant and without his permission, entered upon Appellant's property and removed the fence; such action was neither by accident nor under any mistaken belief or claim of right. Appellee affirmed on cross-examination that he entered for the purpose of taking down the fence. He also testified that he didn't put up a fence on his property because he didn't have the money to do

so. We conclude that his act was obviously willful and intentional. There obviously was monetary injury to the Appellant since he lost his fence and the jury so found. To answer the Special Issue in the negative is clearly against the great weight and preponderance of the evidence.

Exemplary damages may be awarded if the unlawful act warranting actual damages was of a malicious nature. While in common usage malice may be thought to require evil intent or ill will, the cases have held that it is not necessary to prove affirmative malice or ill will to support an award of exemplary damages. Malice may be implied from a wrongful act which is intentional and done without just cause or excuse. Malice may be inferred from a wrongful act done intentionally in violation of the rights of the plaintiff. *Tennessee Gas Transmission Co. v. Moorhead*, 405 S.W.2d 81, 86 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.); *Courtesy Pontiac, Inc. v. Ragsdale*, 532 S.W.2d 118 (Tex.Civ. App.—Tyler 1975, writ ref'd n. r. e.). However callous Appellant might have been in erecting the barbed wire fence along the back of a residential lot, and however insensitive he might have been in insisting that the barbed wire fence remain while aware of separate injuries to four children playing near it, Appellant was nevertheless within his rights in erecting the fence. It is hard to understand how a developer, after reaping the profits from subdividing and developing such a residential subdivision, could erect such a fence and then not have the courtesy to respond directly to a homeowner in that subdivision after receiving notice of his complaints. Such a lack of cooperation, however, does not excuse the trespass or the destruction of Appellant's property. Appellant's second point of error is sustained.

We need not reach Appellant's first point of error that the evidence proves as a matter of law that Appellee acted with intent to injure.

Appellant would have us render judgment for exemplary damages. The jury in response to the exemplary damages

issue answered "attorney fees of no more than $1500." Such an answer is uncertain, indefinite and incapable of providing a proper basis for judgment. Tex.R.Civ.P. 434.

The judgment of the court below is reversed and the case remanded for a new trial.