NUMBER
13-01-813-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

CHARLES AND DIANA MALONE,                                          Appellants,

 

                                                   v.

 

CHUCK R. WARD,                                                                 Appellee.

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 2 

                                  of Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellants, Charles and Diana Malone, bring this appeal
following summary judgment in favor of appellee, Charles Ward.  By seven issues, appellants generally contend
the trial court erred in granting the summary judgment motion.  We reverse and remand.








I.  Background

In November 1999, appellants and appellee entered into a AContract for
Deed@ for the
purchase of appellee=s
residence.  Prior to signing the
agreement, appellants met with appellee a few times.  At these meetings, appellee did not disclose
any facts about the condition of the house, either in writing or orally.  Based on appellants= visual
inspections, the house appeared to be clean, in good condition, and free of
defects.

Appellants moved into the home in December 1999.  Within a few months, appellants began to
notice defects in the house, including doors and windows that did not open and
close properly, and Aproblems with
the linoleum floor in the kitchen.@ Discoloration,
mold, and cracks began to appear on the ceiling, sheet-rock, and other
surfaces.  Appellants filed suit against
appellee for common-law and statutory fraud, and for violations of the Texas
Deceptive Trade Practices Act (DTPA).

Appellee responded by filing a no-evidence summary judgment
motion.[1]  The trial court granted the motion and
ordered that appellants take nothing from the suit.  This appeal ensued.

II.  No-Evidence Summary Judgment

A. 
Standard








Rule 166a(i) allows a party, after adequate time for discovery
and without presenting summary judgment evidence, to move for summary judgment
on the basis that there is no evidence of one or more essential elements of a
claim on which the adverse party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  A no-evidence summary judgment is improperly
granted if the respondent brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact.  See Larson v. Family Violence & Sexual
Assault Prevention Ctr. of S. Tex., 64 S.W.3d 506, 514 (Tex. App.BCorpus Christi
2001, pet. denied).  A no-evidence
summary judgment is equivalent to a pretrial directed verdict and we apply the
same legal sufficiency standard.  See
Vargas v. K.K.B., Inc., 52 S.W.3d 250, 254 (Tex. App.BCorpus Christi
2001, pet. denied); Zapata v. Children=s Clinic, 997 S.W.2d 745, 747 (Tex. App.BCorpus Christi
1999, pet. denied).  That is, we review
the evidence in the light most favorable to the respondent against whom the
no-evidence summary judgment was rendered, disregarding all contrary evidence
and inferences.  Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Walton v. Phillips
Petroleum Co., 65 S.W.3d 262, 268 (Tex. App.BEl Paso 2001,
pet. denied).

B. Fraud

By their second point of error, appellants generally contend
the trial court erred in granting appellee=s no-evidence
summary judgment on their common-law and statutory fraud causes of action.[2]








The elements of a claim for statutory fraud are: (1) a false
representation of a material fact; (2) made to induce a person to enter a contract;
and (3) reliance.  Tex. Bus. & Com. Code Ann. ' 27.01(a)(1) (Vernon 2002). 
Statutory fraud differs from common-law fraud only in that it does not
require proof of knowledge or recklessness as a prerequisite to the recovery of
actual damages.  Fletcher v. Edwards,
26 S.W.3d 66, 77 (Tex. App.BWaco 2001, pet.
denied).

In his motion for summary judgment, citing section 27.01 of the
Texas Business and Commerce Code, appellee alleged that appellants could
produce no evidence that appellee Aknowingly
failed to >disclose
defects and malfunctions= and/or either
appellant relied upon any alleged misrepresentation.@  However, under section 27.01, knowledge is
immaterial to the recovery of actual damages.[3]  Fletcher, 26 S.W.3d
at 78.  Appellants are not
required to prove knowledge as part of their claim for statutory fraud.  See Tex. Bus. & Com. Code Ann. ' 27.01(a)(1).

Appellee also alleged that appellants could produce no evidence
that he Aconcealed
defects and malfunctions with the intent to induce [appellants] into signing
the Contract for Deed.@  Intent is a fact question uniquely within the
realm of the trier of fact and depends upon the credibility of the witnesses
and the weight to be given to their testimony. 
Spoljaric v. Percival Tours, Inc., 708 S.W.2d
432, 434 (Tex. 1986).  Because
intent to defraud is generally not susceptible to direct proof, it invariably
must be proven by circumstantial evidence. 
Id. at 435.








In their response to appellee=s summary judgment, appellants produced
evidence that prior to their purchase of the property,
there were numerous defects with the house which were not fully repaired by
appellee.  There is evidence that such
defects were concealed, for example, a new linoleum floor and carpet were put
over cracks on the floor; cracks in the foundation were concealed by mounds of
dirt and patches of troweled on concrete; and copious amounts of paint and wall
texture were used to cover cracks on walls and deteriorated sheet-rock.  See Smith v. Nat=l Resort Cmtys., Inc., 585 S.W.2d
655, 658 (Tex. 1979).  No defects were
disclosed to appellants prior to their signing the AContract for
Deed.@  See id.  In their affidavits, appellants stated that
at the time they signed the AContract For Deed@ the house
looked very nice, fresh and clean, and they would not have purchased the
residence if they had known of the defects. 
Looking at the evidence in the light most favorable to appellants, and
disregarding all contrary evidence, Merrell Dow Pharms., Inc., 953
S.W.2d at 711, appellants produced more than a scintilla of evidence to raise a
genuine issue of material fact as to their statutory fraud claim.  See Tex.
Bus. & Com. Code Ann. ' 27.01(a)(1).  Appellants= second point
of error is sustained.[4]

C.  As-Is Clause

By their sixth point of error, appellants contend the trial
court erred in granting appellee=s summary
judgment on the basis that the Aas-is@ clause in the
contract is an enforceable term of the contract which bars the claims as a
matter of law.








With an agreement to purchase something Aas-is,@ a buyer agrees
to make his own appraisal of the bargain and to accept the risk that he may be
wrong.  Prudential
Ins. Co. of Am. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex.
1995).  However, Aa buyer is not
bound by an agreement to purchase something >as-is= that he is
induced to make because of a fraudulent representation or concealment of
information by the seller.@  Id. at 162; Oakwood Mobile Homes,
Inc. v. Cabler, 73 S.W.3d 363, 371 (Tex. App.BEl Paso 2002,
pet. denied).

Based on the evidence set forth in our analysis of point of
error two, appellants  have produced more
than a scintilla of evidence to raise a genuine issue of material fact, see
Larson, 64 S.W.3d at 514, as to whether they were induced to purchase the
property because of a fraudulent representation or concealment of information
by appellee.  See Tex. Bus. &
Com. Code Ann. ' 27.01(a)(1); see also Smith, 585 S.W.2d at 658.  Thus, if the lower court determines that
appellants were induced to purchase the property because of a fraudulent
representation or concealment by appellee, appellants will not be bound by the Aas-is@ clause found
in the AContract for
Deed.@ See
Prudential Ins. Co. of Am., 896 S.W.2d at 162;
Oakwood Mobile Homes, Inc., 73 S.W.3d at 371.  Appellants= sixth point of
error is sustained.

D.  Settlement Offer/ Deceptive Trade Practices

By their fifth and seventh points of error, appellants contend
the trial court erred in granting appellee=s summary
judgment on the basis that: (1) the settlement offer made by appellee barred
appellants= claims; and
(2) the DTPA claims are superceded or barred by the provisions of the Texas
Residential Construction Act.[5]








Because appellee filed a no-evidence summary judgment, he makes
improper arguments regarding these two contentions; neither contention alleges
no evidence of one or more essential elements of a claim on which appellants
would have the burden of proof at trial. 
See Tex. R. Civ. P. 166a(i).  Moreover,
even if these contentions were brought under a traditional summary judgment
motion, appellee has failed to show he is entitled to judgment as a matter of
law as to these claims.[6]  See id. at
166a(c). Thus, the trial court erred in granting appellee=s summary judgment
on these contentions.  Appellants= fifth and
seventh points of error are sustained.

IV.  Conclusion

Accordingly, we reverse the judgment of the trial court and
remand this case for trial on the merits.   


 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 10th day of October,
2002.

 











[1]See
Tex. R. Civ. P. 166a(i).





[2]Appellee
does not challenge appellants=
common-law fraud claim in his no-evidence summary judgment motion.  See Tex.
R. Civ. P. 166(a)(i).  Thus, appellee was not entitled to summary
judgment on the common-law fraud claim.  See
Garner v. Corpus Christi Nat=l
Bank, 944 S.W.2d 469, 477 (Tex. App.BCorpus Christi 1997,
writ denied).  The common-law fraud claim
remains a viable cause of action for appellants.





[3]If
a section 27.01 plaintiff does establish knowledge on the defendant=s
part, the plaintiff can receive exemplary damages for the fraudulent conduct.  See Tex. Bus. & Com. Code Ann. ' 27.01(c) (Vernon
2002). 





[4]Having
sustained appellants=
second point of error, we need not address points of error one, three, and
four.  See Tex. R. App. P. 47.1.





[5]See
Tex. Prop. Code Ann.
'' 27.001-.007 (Vernon 2000).





[6]For
instance, appellee failed to attach any evidence showing that he is a
contractor for purposes of the residential construction liability act.  See Tex.
Prop. Code Ann. ' 27.002 (AThis
chapter applies to: . . . any subsequent purchaser of a residence who files a
claim against a contractor.@).