Opinion issued October 24, 2002








 
 


 



In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00020-CV

____________


PAULA ALVAREZ, Appellant


V.


LYNELLE WARD, ALICE WARD (D/B/A REGAL PROPERTIES),
DOROTHY MAE DAVIS, AND BRENDA OGLESBY, Appellees






On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 01CV0084






O P I N I O N Appellant, Paula Alvarez, appeals from a summary judgment dismissing her
real estate fraud claims against appellees, Lynelle Ward, Alice Ward d/b/a Regal
Properties, Dorothy Mae Davis, and Brenda Oglesby. Alvarez presents three issues
for our review, contending: (1) there was insufficient summary judgment evidence to
sustain appellees' affirmative defense of accord and satisfaction, (2) there was
insufficient summary judgment evidence to sustain appellees' affirmative defense of
an "as is" clause, and (3) Alvarez produced sufficient evidence to support the
elements of her causes of action. We affirm.

Facts

 On December 22, 1998, Alvarez, represented by real estate agent Lynelle
Ward, executed an earnest money contract to purchase a home in Texas City owned
by Dorothy Mae Davis for $35,000. Lynelle Ward negotiated the purchase with the
listing agent, Alice Ward d/b/a Regal Properties, and Davis. (1) The contract contained
a clause stating that Alvarez, as the buyer, accepted the house in its "present
condition." The contract also contained a clause stating that Alvarez had not received
a disclosure statement under the Property Code. See Tex. Prop. Code Ann. § 5.008
(Vernon 1984). Alvarez twice inspected the house before closing, and she found
rotting wood under the unlevel floor which she mentioned to Ward as a concern. 
Ward promised Alvarez the floor would be fixed, but it was never fixed. Alvarez
later executed an "Acceptance of Property Condition" form. After the January 22,
1999 closing, a dispute arose between the parties regarding certain repairs to be made
to the house. On January 26, 1999, Alvarez signed an agreement indicating that
repairs had been completed in a satisfactory manner, any additional repairs would be
completed by Alvarez, and payment of $500 was made to Alvarez in lieu of any
further repair work.

 Alvarez brought suit against appellees for negligence, negligent
misrepresentation, common law and statutory fraud, and violations of the Texas
Deceptive Trade Practices-Consumer Protection Act (DTPA). (2) Appellees filed a
traditional and no-evidence motion for summary judgment, asserting that Alvarez's
claims were barred by the affirmative defense of accord and satisfaction, that Alvarez
bought the house "as is," and that there was no evidence to support Alvarez's causes
of action. The trial court granted summary judgment for appellees on all of Alvarez's
claims.

Standard of Review

 A defendant who conclusively negates at least one of the essential elements of
each of the plaintiff's causes of action, or who conclusively establishes all of the
elements of an affirmative defense, is entitled to summary judgment. Tex. R. Civ. P.
166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). When deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true. Osborne v. St. Luke's Episcopal
Hosp., 915 S.W.2d 906, 911 (Tex. App.--Houston [1st Dist.] 1996, writ denied). 
Every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor. Id. When a trial court's order does not specify the
grounds under which summary judgment was granted, we will affirm the judgment
on any theory advanced in the motion that is meritorious. Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).

"As Is" Clause

 In issue two, which disposes of the appeal, Alvarez argues that appellees failed
to provide sufficient summary judgment evidence that she bought the property "as is"
and is thus barred from any recovery as a matter of law.

 Alvarez points out that the words "as is" do not appear anywhere in the parties'
agreement. However, in an earnest money contract, an acceptance of property "in its
present condition" is construed as an agreement to purchase the property "as is." 
Fletcher v. Edwards, 26 S.W.3d 66, 75 (Tex. App.--Waco 2000, writ denied). Here,
Alvarez acknowledged her acceptance of the property's condition with a mark beside
the following:

 Buyer accepts the Property in its present condition; provided Seller, at
Seller's expense, shall complete the following repairs and treatment:
Paint entire house inside and out, new carpet inside house, and any
lender required repairs not exceeding $500.00.

 

(Emphasis added.) The present condition clause appears on the fourth page of the
contract, and Alvarez also initialed the page.

 When an agreement to purchase something "as is" is executed, a buyer agrees
to make her own appraisal of the bargain and accept the risk that she may be wrong. 
Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex.
1995). The seller gives no assurances, express or implied, concerning the condition
of the thing sold. Id. The buyer chooses to rely completely on her own determination
of the condition and value of the purchase, removing the possibility that the seller's
conduct will cause her damage. Id. Proof of causation is essential for recovery under
all of appellant's causes of action. See id. at 160. A valid "as is" agreement negates 
the causation element essential to recovery for DTPA violations, fraud, and
negligence claims. Id. at 161.

 Alvarez argues that an exception to the "as is" clause applies here. A buyer is
not bound to an "as is" agreement that she is induced to make because of a fraudulent
representation or the concealment of information. Prudential Ins. Co., 896 S.W.2d
at 162. Also, a buyer cannot be bound by an "as is" clause if a seller obstructs an
inspection for defects in the property. Id. The nature of the transaction and the
totality of the circumstances surrounding the agreement must be examined, including
whether it was an "arm's length" agreement, whether the "as is" clause was part of
the basis of the bargain, and whether there were relatively equal bargaining positions
between the parties. Id.

 Alvarez argues that she had never purchased a home before and was,
therefore, in an unequal bargaining position. Alvarez further contends that the
transaction was invalid because she never received a Seller's Disclosure Notice. 
However, in her affidavit, Alvarez admits she personally inspected the property twice
before the closing date. She found the floor to be out of level and saw evidence of
rotting wood. In addition to her own inspections, Alvarez's mortgage company
conducted an appraisal and inspection of the property. The appraisal report indicated
that the foundation had "minimal" settlement, that the overall condition of the house
was "average" for its age, and that the construction was of "average" quality. Alvarez
signed an Acceptance of Property Condition form provided by her mortgage
company.

 After examining the summary judgment evidence, we conclude there is no
evidence that appellees misrepresented the condition of the house or concealed
information from Alvarez. Moreover, there was no summary judgment evidence that
the seller obstructed an inspection. Although Ward made a broad statement that she
would "take care" of Alvarez, there is no summary judgment proof that Ward
misrepresented the condition of the residence. Alvarez failed to provide specific
evidence that there was a disparity of sophistication between the parties such as to
result in unequal bargaining positions. Under the terms of the contract, Alvarez was
entitled to terminate the sale at any time prior to the closing if she did not receive a
Seller's Disclosure Notice. With the knowledge of the condition of the property
gained from her personal inspections, Alvarez chose not to terminate the sale but to
close on the house. 

 The "as is" agreement in the earnest money contract was not negated by
appellees' actions, and it was valid and legally enforceable. Thus, when she
purchased the house, Alvarez did not reasonably rely on any representation,
statement, or other assertion with respect to the condition of the property, but relied
solely on her own examination of the property. We hold that the "as is" agreement
established appellees' entitlement to judgment as a matter of law, and we overrule
Alvarez's second issue. Because the trial court's order did not specify the grounds
under which summary judgment was granted, and because the "as is" agreement
entitled appellees to judgment as a matter of law, we need not address appellant's
remaining issues.


Conclusion

 We affirm the judgment of the trial court.

 


 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.



 
1. Although not clear, the record indicates Brenda Oglesby was an agent of Regal
Properties.
2. See Tex. Bus. & Com. Code Ann. § 17.46 (Vernon 2002).