Thomas A. MELODY, d/b/a Texas Professional Engineer, Appellant,

v.

TEXAS SOCIETY OF PROFESSIONAL ENGINEERS et al., Appellees.

No. 16987.

Court of Civil Appeals of Texas.

Dallas.

Nov. 17, 1967.

Warren Berzett, Dallas, for appellant.

Robert Keith Drummond, of Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

BATEMAN, Justice.

The appellant Thomas A. Melody appeals from an adverse summary judgment. He sued the appellees Texas Society of Professional Engineers and its agent or representative, W. Llewellyn Powell, Jr., for actual and exemplary damages alleged to have been caused by acts of appellees in taking over the business of publishing a magazine styled "Texas Professional Engineer," which appellant alleged he owned, having built it by his own initiative and efforts.

Summary judgment was rendered for appellees on their showing that Texas Society of Professional Engineers, not appellant, owned the business, appellant having been employed to publish the magazine for the Society under a written contract which was terminated in accordance with its terms.

Appellant's single point of error on appeal is that the court erred in rendering summary judgment because there were material fact issues as to ownership of the business, contracts and other property at termination of the contract between the parties, and also as to damages to the business. We do not agree with appellant.

It is undisputed that on February 4, 1955 the appellee Texas Society of Professional Engineers entered into a written contract with appellant. The Society will be designated herein as TSPE, as it was in the contract. This contract recites in the preamble that TSPE publishes the magazine entitled "Texas Professional Engineer" and is desirous that Melody "continue the responsibility of editing the Magazine and the production and distribution of the same upon the terms and conditions hereinafter expressed: * * *." It then provided that Melody would assume full and complete responsibility for the production and monthly distribution of the Magazine and "will conduct the editorial policy of the magazine in accordance with the general principles upon which the same is now conducted and at all times will work for the closest harmony in this respect with the Publications Committee of the TSPE and will use due diligence in producing the magazine at a reasonable cost, and will protect TSPE against any financial loss and will assume all financial responsibility incurred in the publication." Melody agreed in event of suspension of the magazine to refund all monies from prepaid advertising. He also agreed to produce a magazine "with a minimum of 24 pages." It was further provided: "Melody will assume responsibility for the solicitation of advertising for the Magazine and hereby reserves right to so solicit wherever such is deemed advisable, except that 'liquor' advertising is prohibited." It was also agreed that no advertising would be sold for any longer period than one year. The contract provided that the "monthly net proceeds up to and including $1,400.00 over and above the cost of production and distribution shall go to Melody as remuneration for management, editorial services, advertising solicitation, stenographic and clerical help, and office rent." Monthly net proceeds in excess of $1,400 were to be divided between Melody and TSPE according to a certain formula. It further provided that advertising rates would be subject to approval of TSPE. TSPE reserved the right to cancel the contract at any time upon ninety days' written notice "in the event

that Melody, in the opinion of the Publications Committee and the Executive Board of the TSPE, has failed to satisfactorily carry out the editorial policies as have been prescribed by the Publications Committee of the TSPE; * * *." The term of the contract was extended by a written memorandum of agreement to January 31, 1962.

The magazine published for the months of March and April 1961 contained only 20 pages, and Melody was notified in writing that this was contrary to the editorial policy of TSPE, after which each of the issues for May, July and August 1961 also contained only 20 pages. On August 10, 1961 Melody was notified in writing that the contract was being cancelled as of November 10, 1961 for those reasons.

Appellant filed an answer to the motion for summary judgment, in which he adopted by reference the allegations of his Fourth Amended Original Petition. He also alleged in the answer that there were material fact issues: (1) in determining whether the contract required each issue of the magazine to contain 24 pages, or whether the fact that the average size of all issues was more than 24 pages would constitute compliance, and (2) as to whether the editorial policy of requiring each issue to contain 24 pages was "representative of the membership of the Defendant corporation," and (3) as to the ownership of the business upon termination of the contract. The allegations in this answer, as well as those in the Fourth Amended Original Petition, were sworn to by appellant, but no other affidavit was attached thereto.

■ Although appellant describes the relationship between him and TSPE as being a "joint venture," the undisputed facts are, in our opinion, that TSPE owned the magazine and that appellant was merely employed to publish it. The preamble to the contract indicates strongly that TSPE is the owner, and the contract itself provides that appellant is to receive a certain portion of net proceeds "as remuneration for management, editorial services, advertising solicitation," etc. He agreed that all advertising rates would be subject to approval by TSPE and to refund all monies from prepaid advertising "in the event of suspension of the magazine."

■ We think the appellees carried the burden, assumed by them in filing their motion for summary judgment, of showing the absence of any genuine issue of material fact and that they were entitled to judgment as a matter of law. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965).

■ Appellant argues, however, that this showing, if made at all, is by the affidavits of Llewellyn Powell, Chairman of TSPE's Publications Committee, and Jim Stewart, Executive Secretary of TSPE, both interested witnesses, and that their statements can do no more than raise issues of fact, citing James T. Taylor, etc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371, 377 (1960). Of course, this is the general rule, but there is a well defined exception thereto, which is that where the testimony of the interested witness is not contradicted by any other witness or by attendant circumstances and is clear, direct, positive and free from inaccuracies and circumstances tending to cast suspicion thereon, such testimony may be taken as true as a matter of law. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942); M. H. Thomas & Co. v. Hawthorne, 245 S.W. 966 (Tex.Civ.App., Dallas 1922, writ ref'd). This exception is especially applicable when the testimony of the interested witness is corroborated by other witnesses or documents and the opposite party had the means and opportunity of disproving the testimony, if it were false, and failed to do so. McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722, 728 (1943); Watson v. Druid Hills Co., 355 S.W.2d 65,

70 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.); Bayou Drilling Co. v. Baillio, 312 S.W.2d 705 (Tex.Civ.App., Houston 1958, writ ref'd n. r. e.); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965). In our opinion this case comes within that exception.

Appellant alleges in his answer to the motion for summary judgment that "many chànges were instituted" since the written contract was made, which changes are identified in his petition; but we do not find in the record either allegation or proof of any modification of the written contract.

■ Appellant agreed in that contract that TSPE would have the right to cancel it if, in the opinion of its Publications Committee and Executive Board, appellant failed to satisfactorily carry out its editorial policies. This opinion and failure were established by the affidavits of Powell and Stewart and the exhibits attached thereto. Appellant's response was that he had in fact complied with the editorial policy in question, in that the *average* content of the magazine was *more* than the required 24 pages, and that there was a fact issue as to whether the editorial policy in question was "representative of the membership" of TSPE.

It is our view that the contract shows on its face that the parties intended that each issue should contain a minimum of 24 pages but, regardless of our view, appellant had agreed that the matter would be determined by the opinion of TSPE's Publications Committee and Executive Board. That opinion was proved, and there is nothing in the record to indicate that it was whimsical, arbitrary or capricious. It was therefore binding on appellant, and it was wholly immaterial whether that opinion was shared by the membership of TSPE.

■ Appellant's other contention, that the contract is ambiguous as to which of the contracting parties would own the magazine and its property upon termination, is likewise without merit. We see nothing in the contract to indicate that under any circumstances appellant would own any of such property. He asserts ownership on the ground that the business was "built up by his own initiative, contacts, and contracts which he developed," but those were things which he was employed to do and his efficient performance of those duties would not have the effect of transferring ownership of the business from his employer to himself. No genuine issue as to any material fact in this respect was raised.

■ Moreover, the affidavits offered by appellant to oppose the motion for summary judgment are not entitled to consideration here for two reasons. First, they do not "show affirmatively that the affiant is competent to testify to the matters stated therein," in that they do not show that they were "made on personal knowledge," all as required by subdivision (e) of Rule 166–A, Vernon's Texas Rules of Civil Produre. Lawyers Surety Corp. v. Sevier, 342 S.W.2d 604, 607 (Tex.Civ.App., Dallas 1961, no writ), cited with approval in Box v. Bates, 162 Tex. 184, 188, 346 S.W.2d 317, 319 (1961).

■ Secondly, the affidavits merely adopt allegations made in appellant's pleadings and do not contain "such facts as would be admissible in evidence," as also required by subdivision (e) of Rule 166–A. Similar affidavits were held to be insufficient in Duffard v. City of Corpus Christi, 332 S.W.2d 447 (Tex.Civ.App., San Antonio 1960, no writ); Sparkman v. McWhirter, 263 S.W.2d 832 (Tex.Civ.App., Dallas 1953, writ ref'd); Schepps v. American Dist. Telegraph Co. of Texas, 286 S.W.2d 684 (Tex.Civ.App., Dallas 1955, no writ).

The judgment appealed from is

Affirmed.