ESTATE OF Harvey DIGGS, Appellant,

v.

ENTERPRISE LIFE INSURANCE
CO., Appellee.

No. 01–82–0402–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1982.
Rehearing Denied Feb. 10, 1983.

**574**

Victor Branch, Houston, for appellant.

Jeffrey McClure, Houston, for appellee.

Before WARREN, JACK SMITH and BULLOCK, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment decreeing that appellant take nothing on her suit for recovery of the proceeds of a life insurance policy.

On March 12, 1980, Harvey Diggs bought a credit life insurance policy simultaneous to his purchase of a new car. The application for insurance signed by Diggs contained the following paragraph:

> I hereby certify that I am in good health as of the effective date above and that I am presently not suffering from or within the preceding 24-months have not suffered from any heart disease, or other cardiovascular diseases, lung disease, or respiratory system ailments, cancer, urinary disease or disorders, epilepsy, stroke or other diseases of the brain or nervous system, diseases or disorders of the liver, gall bladder, kidney, bladder, stomach or intestinal tract, high blood pressure or tumors of any kind.

On February 15, 1981, Harvey Diggs died of cardiac arrhythmia, a heart condition. After a claim for payment was denied, his wife, as personal representative of the estate, sued for the amount due under the policy. Appellee's answer to the suit and its motion for summary judgment contended that it was induced to issue the policy of insurance by certain false, material representations, made by the deceased on his application for insurance, concerning his health and medical history.

Appellee's summary judgment proof on its affirmative defenses consisted of the deceased's medical records, the deposition of Dr. M.J. O'Donnell, and the sworn affidavit of C. Craig Cole. Appellant filed a written response to appellee's motion for summary judgment, but presented no proof.

In two points of error, appellant claims that the court erred in granting the summary judgment because appellee's evidence failed to establish as a matter of law all of the essential elements of its affirmative defense.

Five elements must be pled and proved before an insurer may avoid payment on an insurance policy because of a misrepresentation by an insured: 1) the representation by the insured, 2) the falsity of the representation, 3) reliance thereon by the insurer, 4) the intent to deceive by the insured, and 5) the materiality of the representation. *Mayes v. Massachuetts Material Life Ins. Co.,* 608 S.W.2d 612 (Tex.1980).

Dr. Manus J. O'Donnell, a cardiologist, testified by deposition that he first met Harvey Diggs at Methodist Hospital in Houston in 1976; that Mr. Diggs complained of a shortness of breath, swelling of his legs, chronic cough, spitting blood; that Mr. Diggs had a history of heart disease dating back to 1972; that upon examination, Mr. Diggs was found to have congestive heart failure with marked enlargement of the heart; that there is no known cure for this condition; that Mr. Diggs' condition did not change from 1976 to March 12, 1980; that it is unusual for a patient in Mr. Diggs' 1976 condition to live longer than five years; that he explained Mr. Diggs' medical condition to him and explained the limitations that the condition would impose on his life-style; that various drugs were prescribed to treat the disease; and that he

examined Mr. Diggs on April 22, 1980 and found a significant degree of heart failure. Mr. Diggs' medical records show that, on the advice of his doctor, he took a disability retirement from his job in 1977. These records also show that, on the day after the application for insurance was signed, Mr. Diggs received treatment for his heart condition at the Texas Medical Center. The examination on that day revealed that Mr. Diggs' heart was pronouncedly enlarged.

■ Appellee's proof conclusively shows that the deceased knowingly made a false representation regarding his medical history. It is inconceivable that any person with Diggs' medical history could fail to know he was not in good health or fail to know that he was then suffering from a serious heart ailment. *Prudential Ins. Co. of America v. Beaty,* 456 S.W.2d 164 (Tex. Civ.App.—Texarkana 1970, no writ).

The sworn affidavit of C. Craig Cole, attached to appellee's motion for summary judgment, stated that he had personal knowledge of the facts testified to in the affidavit; that the representation made by Harvey Diggs on his application "... that as of March 12, 1980, he was in good health and was not suffering from, or within the preceding 24 months had not suffered from any physical or mental diseases," was relied on by appellees in reaching a decision to issue the life insurance policy. There is no showing that Cole was employed by, or had any connection with the insurance company.

■ Appellant contends that the affidavit of C. Craig Cole was insufficient to conclusively prove that appellee relied on the representations of Mr. Diggs. We agree. Although the affiant stated that he had personal knowledge of the facts testified to in the affidavit, there is nothing in the affidavits showing why he might have personal knowledge of the matters stated in the affidavit. To be sufficient, the affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. *Weaver v. Brandin,* 394 S.W.2d 709 (Tex. Civ.App.—Houston 1965, writ dism'd); *Melody v. Texas Society of Professional Engi-*

*neers,* 421 S.W.2d 693 (Tex.Civ.App.—Dallas 1967, no writ). A recitation that the affiant is of legal age, has never been convicted of a felony and is making the affidavit on personal knowledge as recited in Cole's affidavit, is not in itself sufficient to show affirmatively that an affiant is competent to testify, as required by Tex.R. Civ.P. 166–A(e). A fact considered by a layman to be personally known may be hearsay in law. We are of the opinion that the affidavit of Craig Cole was insufficient to establish that appellee relied on Diggs' representations of good health.

■ However, the first paragraph in the certificate of insurance, beginning immediately below the signature of the deceased, states, *"In consideration of the premium shown above and the representation of good health,* the company certifies that the above named debtor is afforded coverage or coverages in which a premium or premiums are specified (but none other) subject to the terms and conditions of the Group Life Policy." The application and the entire certificate of insurance are contained on one printed page. The completed blocks show that a reducing term policy in the original amount of $8895.90 was issued and that a premium of $182.41 was paid. The certificate of insurance itself is sufficient to prove that the insurer relied on Mr. Diggs' representation of good health.

■ We hold that Mr. Diggs' representation that he was not suffering from heart disease was material to the risk, as a matter of law. *Lee v. National Life Ins. Co.,* 632 F.2d 524 (5th Cir.).

■ There was no summary judgment proof regarding Mr. Diggs' intent to deceive, the fifth element of appellee's affirmative defense. Unless it can be presumed from the other findings, appellee's proof falls short. There are Texas cases supporting the proposition that "the utterance of a known false statement, made with the intent to induce action—is equivalent to an intent to deceive." *Texas Industrial Trust, Inc. v. Lusk,* 312 S.W.2d 324 (Tex.Civ.App. —San Antonio 1958, writ ref'd); *Wolfing v.*

Prudential Ins. Co. of America, 417 S.W.2d 498 (Tex.Civ.App.—Waco 1967, no writ). If these cases correctly state the present law, and are applicable to our case, then the affirmative defense, misrepresentation, in a situation such as ours, may be proved conclusively by a showing that an insurance applicant with a long history of heart trouble purchased a policy of insurance, which policy included a statement that it is being issued upon the insured's representation of good health. Instead of proving the five elements required by Mayes, supra, two elements only need be proved and the remaining three presumed as a matter of law. In Lee, supra, Judge Reavley, speaking for the court, expressed the opinion that Washington v. Reliable Life Insurance Co., 581 S.W.2d 153 (Tex.1979) apparently changed the law on summary judgment with respect to the misrepresentation defense of an insurance policy; that prior to Reliable, intent could be presumed from other facts, but not thereafter. At p. 529, he writes, "Therefore, Washington appears to establish the rule that intent to deceive or induce issuance of an insurance policy can never be proved as a matter of law to establish the misrepresentation defense in the absence of a warranty that the facts contained in the application are true or evidence of collusion between the applicant and the insurance agent." We have neither warranty nor collusion in our case. We are of the opinion that we may not presume an intent to deceive from the fact that Mr. Diggs, with a long history of heart ailments, made false statements on his application for insurance. Since there is no evidence regarding Mr. Diggs' intent to deceive, the summary judgment was improperly granted.

Reversed and remanded.