Betty **FLOWERS**, Appellant,

v.

**UNITED INSURANCE COMPANY OF AMERICA, Appellee.**

No. B14–90–00551–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1991.

Robert Oberholtzer and Hector F. Ruiz, Houston, for appellant.

James H. Miller and Bennett S. Bartlett, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment granted in favor of appellee United Insurance Company of America (United). Appellant brings two points of error alleging the trial court erred in granting appellee's motion for summary judgment because appellee failed to establish: (1) each element of its misrepresentation defense as a matter of law; and (2) as a matter of law that appellant's husband misrepresented the state of his health willfully and with the intent to deceive. Although appellant has styled her appeal as two points of error, her complaint is that appellee failed to establish its defense of misrepresenta-tion in that it failed to prove as a matter of law intent to deceive on the part of appellant's husband. We will review appellant's contentions as one point of error. We reverse and remand.

The basic facts of the case are not in dispute. In November 1987, appellant and her husband, Edward Flowers, applied for and were issued a joint life insurance policy with United. In the application for the policy Mr. Flowers was asked a series of questions regarding his health history. In pertinent part, the question asked:

10. Has any Proposed Insured or Payor to be covered ever had:

a. High blood pressure?

b. Disease or disorder of heart or circulatory system?

\* \* \* \* \* \*

11. Answer for any Proposed Insured(s) or Payor

a. Have you ever had a physical examination, consulted a physician, or been in a clinic, hospital or institution for surgery, diagnosis or treatment within the past 5 years?

Mr. Flowers answered "no" to each health question. He did not give any explanations of health problems in the space provided. Mr. Flowers executed the application stating "I certify that I have read (or have had read to me) all the questions and answers on this application." As it turns out, three years before applying for the life insurance, Mr. Flowers was incarcerated in the Texas Department of Correction (TDC). On the TDC medical intake form Mr. Flowers stated that he had high blood pressure. While in prison Mr. Flowers took medication for the condition for approximately two years. Further, while he was in prison, he was admitted to the hospital for an injured wrist; and during his hospitalization he was diagnosed with borderline cardiomegaly, enlargement of the heart.

In 1988, approximately a year after the life insurance policy was taken out, Mr. Flowers was killed in a motor vehicle accident. Appellant, as Mr. Flowers' beneficiary, brought suit to collect the proceeds

under the policy. United moved for summary judgment on the ground that Mr. Flowers had made misrepresentations concerning the state of his health in the application for insurance. The trial court granted appellee's motion and appellant brings this appeal.

In her point of error appellant alleges that the appellee failed to prove as a matter of law its defense of misrepresentation. Specifically, she claims that United failed to prove as à matter of law that Mr. Flowers made a false representation **with the intent to deceive.**

 A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. When reviewing the granting of a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion, rather the movant must prove beyond question it was entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828–829 (Tex.1970); TEX.R. CIV.P. 166a(c). If the movant fails to prove entitlement to judgment as a matter of law, this court must remand the case for a trial on the merits. *Id.* The standards for reviewing a summary judgment have been clearly mandated by the Texas Supreme Court:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–549 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–311 (Tex.1984). Since United asserted the defense of misrepresentation in its motion for summary judgment, it was necessary for United to prove the each element of the defense as a matter of law. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

 Under Texas law, there are five elements an insurance carrier must plead and prove in order to establish a misrepresentation defense:

(1) the making of a misrepresentation;

(2) the falsity of the misrepresentation;

(3) reliance on the misrepresentation by the insurer;

(4) the intent to deceive on the part of the insured in making the misrepresentation; and

(5) the materiality of the misrepresentation.

*Mayes v. Massachusetts Mutual Life Insurance Company,* 608 S.W.2d 612, 616 (Tex.1980). The parties' briefs state that they agree that all of the elements except intent to deceive were established, thus, the only question is whether United established intent to deceive as a matter of law.

In support of its motion for summary judgment the appellee submitted: (1) TDC medical records showing that in 1984 Mr. Flowers had a history of high blood pressure, and that Mr. Flowers was the one to inform TDC of the fact, and showing that he received medication for hypertension for approximately two years; (2) a written deposition from a Dr. Zeon who stated that he had examined Mr. Flowers six times from 1984 to 1986 and that he told Mr. Flowers that he was suffering from hypertension. Dr. Zeon also prescribed drugs for Mr. Flowers to control the hypertension; (3) the insurance policy and the application for insurance completed by Mr. Flowers in 1987 in which Mr. Flowers responded negatively to questions as to whether he had any heart of circulatory problems; and (4) the affidavit from the appellee's chief insurance underwriter stating that hypertension is a serious condition and material to the insurance policy and that had United known of the condition it would not have issued the life insurance policy to Mr. Flowers.

As appellant asserts, this case is very similar to the case of *Estate of Diggs v. Enterprise Life Insurance*, 646 S.W.2d 573, *reh'g denied*, 657 S.W.2d 813 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e). The insurance company's summary judgment proof in *Diggs* was almost identical to that presented by appellee in this case. In *Diggs* the court held that it was inconceivable that anyone with a health history like Diggs could fail to know that he was suffering from a serious heart condition. But they went on to hold:

> We are of the opinion that we may not presume an intent to deceive from the fact that Mr. Diggs, with a long history of heart ailments, made false statements on his application for insurance. Since there is no evidence regarding Mr. Diggs' intent to deceive, the summary judgment was improper.

*Diggs*, 646 S.W.2d at 576. Appellee argues that there are facts in this case that were not present in *Diggs*. Specifically appellee claims that the fact that Mr. Flowers admitted a health problem on the TDC intake form, when his medical care was free, shows an intent to deceive. We do not agree.

The fact that Mr. Flowers admitted a health problem when he was incarcerated at TDC simply shows that he knew of his health conditions. The court held in *Diggs* that the fact that one misrepresents one's health condition is insufficient to establish intent to deceive as a matter of law. We hold that mere knowledge of one's health condition is insufficient to prove intent to deceive as a matter of law. The circumstances in this case would raise a fact question as to Mr. Flowers' intent. A jury might well believe that his knowledge shows that he intended to deceive United. But we cannot say as a matter of law that this is true.

Appellee provided no other summary judgment proof than that set out above. The fact that appellee proved Mr. Flowers knew about his heart problems and made false statements concerning his problems does not prove as a matter of law that he intended to deceive United. Therefore, appellee failed to establish all elements of the defense of misrepresentation as a matter of law. Appellant's points of error are sustained.

The judgment of the trial court is reversed and remanded for a trial on the merits.