IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00112-CR

 

In re
William D. Shannon

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            William D. Shannon seeks a writ of
mandamus compelling Respondent, the Honorable Robin Flowers, District Clerk of
Walker County, to file pleadings he has tendered in connection with: (1)
postconviction habeas proceedings under Chapter 11 of the Code of Criminal
Procedure; and (2) asset forfeiture proceedings under Chapter 59 of the Code of
Criminal Procedure.  We will dismiss Shannon’s request for mandamus relief.

            This Court does not have jurisdiction
to issue a writ of mandamus against a district clerk unless necessary to
enforce our jurisdiction.  See Tex.
Gov’t Code Ann. § 22.221(a), (b) (Vernon 2004); In re Washington,
7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per
curiam); see also HCA Health Servs. of Tex., Inc. v. Salinas, 838 S.W.2d
246, 248 (Tex. 1992) (orig. proceeding) (per curiam); In re Simpson, 997
S.W.2d 939, 939 (Tex. App.—Waco 1999, orig. proceeding) (per curiam).

            The relief sought by Shannon is not
necessary to enforce this Court’s jurisdiction.  Therefore, because this Court
does not have jurisdiction to issue a writ of mandamus against the district
clerk, we dismiss Shannon’s petition for want of jurisdiction.[1] 
See In re McAfee, 54 S.W.3d 460, 461 (Tex. App.—Waco 2001, orig.
proceeding) (per curiam).

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition dismissed

Opinion delivered and
filed April 16, 2008

Do not publish

[OT06]









[1]
              Shannon is not necessarily
without a remedy.  See In
re Bernard.  993 S.W.2d 453,
454-55 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O’Connor, J.,
concurring)).








0pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal
}














IN THE
TENTH COURT OF APPEALS
 

No. 10-01-229-CV

     CHOCTAW PROPERTIES, L.L.C., 
     EVERETT B. FRAZIER AND 
     JERRY W. CAMPBELL,
                                                                              Appellants
     v.

     ALEDO I.S.D., AND ALLEN NORMAN,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # C200100263
                                                                                                                

O P I N I O N
                                                                                                                

      Aledo Independent School District denied Kenneth and Schuyler Cunningham’s children
admittance to its schools because the Cunninghams’ residence lies in another school district. The
Cunninghams sued Choctaw Properties, L.L.C. which sold them the property and two of
Choctaw’s owners, Everett B. Frazier and Jerry W. Campbell, for misrepresenting the school-district status of the property. Choctaw, Frazier, and Campbell (collectively “Appellants”) filed
a third-party petition against Aledo, former superintendent Allen Norman, and former Choctaw
agent Beau Duncan for declaratory relief, breach of contract, and contribution and indemnity. The
trial court granted summary judgment motions filed by Aledo and Norman. Appellants contend
in four issues that the court erred by: (1) refusing to rule on their objections to Aledo’s and
Norman’s summary judgment evidence; (2) implicitly overruling their objections, if the court
made implicit rulings; (3) granting Aledo’s and Norman’s first summary judgment motion; and
(4) granting Aledo’s and Norman’s second summary judgment motion.
BACKGROUND
      Choctaw developed the Hills of Bear Creek subdivision in 1996. Choctaw agent Beau Duncan
obtained a letter from Norman, then Aledo’s superintendent, in April 1996 stating that the
subdivision lies within Aledo’s boundaries.


 The Cunninghams purchased a lot in this subdivision
from Choctaw in August 1996. They allegedly purchased this lot because Duncan told them that
it lay within Aledo’s boundaries. The Cunninghams built a residence on the lot, but their children
were denied admittance to Aledo schools. The Cunninghams sued Appellants under various
theories including misrepresentation of the school district in which their lot is located.
      Appellants filed a third-party petition against Aledo, Norman, and Duncan: (1) seeking
contribution and indemnity from Norman and Duncan under the common law, Chapters 32 and
33 of the Civil Practice and Remedies Code, and section 17.506 of the Deceptive Trade Practices-Consumer Protection Act (“DTPA”); (2) alleging that Aledo is estopped from denying that the lot
is within its boundaries and seeking a declaratory judgment to this effect; and (3) alleging that
Aledo breached an agreement with Choctaw that children residing in the Hills of Bear Creek
subdivision would attend Aledo schools.



      Aledo filed a plea to the jurisdiction which was denied. We affirmed this decision in a prior
appeal. Aledo Indep. Sch. Dist. v. Choctaw Props., L.L.C., 17 S.W.3d 260 (Tex. App.—Waco
2000, no pet.).
      Aledo and Norman filed a motion for summary judgment alleging nine different grounds
under which they claimed entitlement to judgment as a matter of law. They supported this motion
with: (1) affidavits from Duncan, Norman, and Kenneth Cunningham; (2) a letter written by
Norman and attached to his affidavit as an exhibit; (3) excerpts from Duncan’s deposition; and (4)
a copy of section 11.06 of the Parker County Subdivision Regulations and Construction Standards.
      Appellants raised numerous objections to the affidavits attached to the summary judgment
motion. Appellants responded in some detail that Aledo and Norman had failed to conclusively
establish their entitlement to judgment on any of the grounds asserted. They supported their
response with the affidavits of Donald Ferrill (one of their attorneys), Campbell, and Frazier.
      Aledo and Norman then filed a second motion for summary judgment alleging seven
additional grounds for summary judgment. To support the second motion, Aledo and Norman
used the same summary judgment evidence previously tendered. In addition, they provided a plat
showing school district boundaries for the area at issue and supporting documents.
      Appellants responded with many of the same objections asserted in response to the first
motion. They also objected to the documentary evidence attached to the second motion. They
then responded in detail to the grounds asserted in the second motion, again concluding that Aledo
and Norman had failed to conclusively establish their right to judgment. They supported their
response with the affidavits of Campbell and Frazier (the same ones attached to their first
response) and with excerpts from Duncan’s deposition.
      Aledo and Norman then filed a motion for leave to amend their summary judgment evidence
in reply to some of Appellants’ objections to the documentary evidence attached to their second
motion. After hearing, the court granted this motion and gave Appellants twenty-one days to file
any response to the amended evidence. Appellants did so, raising additional objections to this
evidence.
      Following a second hearing, the court signed an order granting both summary judgment
motions without specifying the reasons and dismissed Appellants’ third–party action against Aledo
and Norman with prejudice. The court severed Appellants’ third-party claims against Aledo and
Norman from the remaining


 claims, and this appeal ensued.
OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE
      Appellants contend in their first and second issues respectively that the court erred by failing
to rule on their objections to Aledo’s and Norman’s summary judgment evidence or by implicitly
overruling those objections. “To be considered by the trial or reviewing court, summary judgment
evidence must be presented in a form that would be admissible at trial.” Hou-Tex, Inc. v.
Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.);
accord United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997); Columbia Rio Grande
Regl. Hosp. v. Stover, 17 S.W.3d 387, 396 (Tex. App.—Corpus Christi 2000, no pet.). Thus,
we address Appellants’ evidentiary complaints before addressing the merits. See Ash v. Hack
Branch Distribg. Co., 54 S.W.3d 401, 408 (Tex. App.—Waco 2001, pet. denied); Jensen Constr.
Co. v. Dallas County, 920 S.W.2d 761, 769 (Tex. App.—Dallas 1996, writ denied).
Implicit Ruling
      “[T]he granting of a summary-judgment motion does not necessarily provide an implicit ruling
that either sustains or overrules objections to the summary-judgment evidence.” Allen ex rel. B.A.
v. Albin, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.) (citing Well Solutions, Inc. v.
Stafford, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.)); accord Dolcefino v.
Randolph, 19 S.W.3d 906, 926-27 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).
      Aledo and Norman raised multiple grounds for summary judgment in their two motions. 
Appellants lodged numerous objections to Aledo’s and Norman’s summary judgment evidence. 
The court granted both motions without elaboration. We cannot imply a ruling on Appellants’
objections from this record. See Allen, 97 S.W.3d at 663; Dolcefino, 19 S.W.3d at 926-27. 
Accordingly, we conclude that Appellants’ second issue is without merit.
Preservation
      For preservation purposes, objections to “form” and “substance” are treated differently. 
Dailey v. Albertson’s, Inc., 83 S.W.3d 222, 225 (Tex. App.—El Paso 2002, no pet.); Ahumada
v. Dow Chem. Co., 992 S.W.2d 555, 562 (Tex. App.—Houston [14th Dist.] 1999, pet. denied);
Peerenboom v. HSP Foods, Inc., 910 S.W.2d 156, 160 (Tex. App.—Waco 1995, no writ). To
preserve objections to defects of form for appellate review, the objecting party must obtain a
ruling from the trial court, preferably in writing. See Allen, 97 S.W.3d at 663; Dolcefino, 19
S.W.3d at 926-27; see also Tex. R. App. P. 33.1(a)(2); Tex. R. Civ. P. 166a(f) (“Defects in the
form of affidavits or attachments will not be grounds for reversal unless specifically pointed out
by objection by an opposing party with opportunity, but refusal, to amend.”). This ruling must
be obtained at or before the court hears the summary judgment motion. McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex. 1993); accord Dolcefino, 19 S.W.3d at 926
(party should obtain ruling “at, before, or very near” the time the court decides the summary
judgment motion). On the other hand, defects of substance can be raised for the first time on
appeal. Dailey, 83 S.W.3d at 225; Ahumada, 992 S.W.2d at 562; Peerenboom, 910 S.W.2d at
160.
Appellants’ Objections
      Appellants raised the following categories of objections at trial to the form of Appellees’
summary judgment proof: (1) affidavit of an interested witness which is not clear, positive, direct,
credible, uncontradicted, or readily controvertible; (2) hearsay; and (3) lack of personal
knowledge. See Grand Prairie Indep. Sch. Dist. v. Vaughn, 792 S.W.2d 944, 945 (Tex. 1990)
(lack of personal knowledge); Crow v. Rockett Spec. Util. Dist., 17 S.W.3d 320, 324 (Tex.
App.—Waco 2000, pet. denied) (affidavit of interested witness, hearsay, lack of personal
knowledge); Ahumada, 992 S.W.2d at 562 (interested witness). Because Appellants did not obtain
a ruling on their objections to these alleged defects of form, these objections have not been
preserved for appellate review. See Allen, 97 S.W.3d at 663; Dolcefino, 19 S.W.3d at 926-27.
      The remaining two categories of objections allege defects of substance: (1) lack of jurat;



Laman v. Big Spring State Hosp., 970 S.W.2d 670, 672 (Tex. App.—Eastland 1998, pet. denied);
State Bar of Tex. v. Tinning, 875 S.W.2d 403, 407 (Tex. App.—Corpus Christi 1994, writ
denied); accord Perkins v. Crittenden, 462 S.W.2d 565, 568 (Tex. 1970) (such an error need not
be preserved); and (2) conclusory; Crow, 17 S.W.3d at 324; Cain v. Rust Indus. Cleaning Servs.,
Inc., 969 S.W.2d 464, 467 (Tex. App.—Texarkana 1998, pet. denied); Rizkallah v. Conner, 952
S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Appellants did not need to
preserve these issues for appellate review. Dailey, 83 S.W.3d at 225; Ahumada, 992 S.W.2d at
562; Peerenboom, 910 S.W.2d at 160.
Absence of Jurat
      Appellants objected to Duncan’s affidavit because it does not contain a jurat. They contend
that this renders his statement unsworn and improper summary judgment proof. E.g., Laman, 970
S.W.2d at 672; Tinning, 875 S.W.2d at 407. However, they fail to appreciate that his affidavit
begins with the following language, “BEFORE ME, the undersigned authority, on this day
personally appeared Beau Duncan, who being by me duly sworn, deposed as follows: . . .” It
concludes with an acknowledgment executed by a notary public.
      The Supreme Court has expressly approved such language as adequate to “meet[ ] Texas
statutory requirements for affidavits” when combined with an acknowledgement. Ford Motor Co.
v. Leggat, 904 S.W.2d 643, 645 (Tex. 1995); accord Griffin v. Baylor College of Med., 945
S.W.2d 158, 159-60 (Tex. App.—Houston [1st Dist.] 1997, no writ); Rolen v. Burroughs
Wellcome Co., 856 S.W.2d 607, 608-09 (Tex. App.—Waco 1993, writ denied).
      Appellants also refer to part of Duncan’s deposition testimony as evidence that his affidavit
was not made under oath. Duncan testified as follows:
      Q:  All right. Have you ever been under oath before?
 
      A:  Yes.
 
      Q:  And when was that?
 
      A:  During my divorce.
 
      Q:  Okay. And any other time, like to sign a document or something, did anybody ever have
you raise your hand like you did here today?
 
      A:  No, I don’t think so. I’m not very sophisticated on this stuff, not very . . .

We decline Appellants’ invitation to view this excerpt from Duncan’s deposition as evidence that
he did not appear before a notary and swear to the truth of the contents of his affidavit.
Conclusory Statements
      Appellants contends that several of the statements in the affidavits offered to support Aledo’s
and Norman’s summary judgment motions are conclusory in nature. “A conclusory statement is
one that does not provide the underlying facts to support the conclusion.” Rodriguez v. Wal-Mart
Stores, Inc., 52 S.W.3d 814, 823 (Tex. App.—San Antonio 2001), rev’d on other grounds, 92
S.W.3d 502 (Tex. 2002); Dolcefino, 19 S.W.3d at 930; Rizkallah, 952 S.W.2d at 587. A
“conclusory” statement may set forth an unsupported legal conclusion or an unsupported factual
conclusion. See Rizkallah, 952 S.W.2d at 587.
1. Factual Conclusions
      Appellants contend that the affidavit of Kenneth Cunningham contains unsubstantiated factual
conclusions. Cunningham stated in his affidavit, “I made a telephone call to the number
advertised on a billboard in front of the development. I spoke with Defendants’ agent . . . .” 
Cunningham made two other references to telephone conversations he had with “an agent for
Defendants.” Cunningham explained the source for the telephone number. Thus, his
“conclusory” statements that he spoke with an agent of the Defendants have factual support in the
affidavit. See Rizkallah, 952 S.W.2d at 588.
      Appellants aver that the affidavit of Wayne Thompson contains unsubstantiated factual
conclusions. According to the affidavit, Thompson is a custodian of records for the Parker County
Appraisal District. Appellants object to his statement that the records attached to his affidavit are
“exact duplicates of the originals.” Appellants argue that this statement is conclusory because
Thompson did not state “that he was present in October 1962” when the “originals” were
prepared. They contend that this alleged deficiency renders Thompson’s affidavit and the attached
records “wholly unreliable.” We disagree with Appellants’ assessment. As custodian of records,
Thompson bears the responsibility of being familiar with those records, even if he was not present
when they were created. Therefore, his statement that he is a custodian of records for the
appraisal district provides adequate factual support for this allegedly “conclusory” statement.
      Appellants next complain of Thompson’s statements that a map attached to his affidavit
“depicts the boundary lines of the Granbury Independent School District and Aledo Independent
School District as they relate to the Hills of Bear Creek development” and these boundaries have
existed “since at least October 6, 1962.” Another document attached to Thompson’s affidavit is
an excerpt of minutes from an October 6, 1962 school board meeting in which Aledo annexed a
portion of the Bluff Springs Common School District No. 19. These minutes include a metes and
bounds description of the property annexed.
      An appraisal district “is responsible for appraising property in the district for ad valorem tax
purposes of each taxing unit that imposes ad valorem taxes on property in the district.” Tex. Tax
Code Ann. § 6.01(b) (Vernon 2001). A school district is a “taxing unit.” Id. § 1.04(12) (Vernon
2001). Thus, the Parker County Appraisal District must be aware of which taxing units are
located in the appraisal district.
      To perform its task, an appraisal district must maintain records “listing all property that is
taxable in the district.” Id. § 25.01(a) (Vernon 2001). “Property shall be described in the
appraisal records with sufficient certainty to identify it.” Id. § 25.03(a) (Vernon 2001). 
Historically, local officials have relied on maps as a part of their records to satisfy these
requirements. E.g., Carson v. Johnston, 57 S.W.3d 657, 659 (Tex. App.—Eastland 2001, no
pet.); Frossard v. State, 497 S.W.2d 473, 475 (Tex. Civ. App.—Dallas 1973, writ ref’d n.r.e.);
Haynes v. State, 44 Tex. Civ. App. 492, 497, 99 S.W. 405, 408 (1906, writ ref’d). Moreover,
an appraisal district must necessarily rely on school district records when determining the
boundaries of a particular school district, particularly when an annexation occurs as in this case.
      Thompson stated in his affidavit that the attached records are part of the appraisal district’s
records. His identification of himself as a custodian of records for the appraisal district provided
an adequate factual basis for his statement that the map attached to his affidavit depicts the school
districts’ boundaries as they relate to the property at issue and that these boundaries have existed
since at least 1962.
2. Legal Conclusions: Personal Knowledge and Competence
      Appellants objected to all four of the affidavits attached to Aledo’s and Norman’s summary
judgment motions because the affiants in each one stated that they had “personal knowledge” of
the facts stated and were “fully competent” to make the affidavits. Appellants cite Estate of Diggs
v. Enterprise Life Insurance Co. for the proposition that these statements are improper legal
conclusions. 646 S.W.2d 573 (Tex. App.—Houston [1st Dist.] 1982, writ ref’d n.r.e.).
      The court in Estate of Diggs observed in pertinent part:
A recitation that the affiant is of legal age, has never been convicted of a felony and is
making the affidavit on personal knowledge as recited in Cole’s affidavit, is not in itself
sufficient to show affirmatively that an affiant is competent to testify, as required by Tex.
R. Civ. P. 166-A(e).

Id. at 575. This case does not stand for the proposition asserted by Appellants. 
      Moreover, the Supreme Court has expressly recommended that certain affidavits commence
with the type of language Appellants now challenge. E.g., Tex. R. Evid. 902(10)(b) (prescribing
form for business records affidavit).



      For the foregoing reasons, we hold that the challenged statements do not constitute improper
legal conclusions.
3. Other Legal Conclusions
      Appellants contend that the first, second and last sentences of the sixth paragraph of Norman’s
affidavit are improper legal conclusions. Paragraph 6 reads as follows:
6. “My issuance of this April 2, 1996 letter to Mr. Duncan was within the course and
scope of my duties as the superintendent of Aledo ISD. I knew prior to my issuance of
the April 2, 1996 letter that Parker County, before it would approve any plats for new
subdivisions in Aledo ISD, required a letter from me as superintendent of Aledo ISD
stating that the new subdivision at issue was situated within the boundaries of Aledo ISD. 
Further, I am aware that Section 11.06 of the Parker County Subdivision Regulations
provides that developers of subdivisions, before they can obtain approval from the Parker
County Commissioners of a plat for a new subdivision within the County, must present
a letter from the superintendent of a school district to indicate that school bus service is
available to homes in the subdivision to be platted. For school bus service to be provided
to a residence, that residence must be located within the school district providing the bus
service and education to the children of the residence. Therefore, it was my duty as the
superintendent of Aledo ISD to issue the April 2, 1996, letter to Mr. Duncan.”

      The second sentence does not assert a legal conclusion. Rather, Norman merely recites the
role Parker County requires of a school superintendent when a new subdivision is being platted.
      Regarding the first and last sentences, appellate courts have consistently held that a statement
that a particular act lies within the course and scope of an affiant’s duties is an improper legal
conclusion if the affiant does not provide facts to support the conclusion stated. See Robertson
Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 360-61 (Tex. 1971); Montemayor v. Chapa, 61
S.W.3d 758, 764 (Tex. App.—Corpus Christi 2001, no pet.); Aldridge v. De Los Santos, 878
S.W.2d 288, 297 (Tex. App.—Corpus Christi 1994, writ dism’d w.o.j.). Norman’s statements
regarding Section 11.06 of the Parker County Subdivision Regulations provide an adequate factual
basis for his statement that writing the letter for Duncan fell within the course and scope of his
duties as superintendent. Accordingly, we hold that the first and last sentences in the sixth
paragraph of Norman’s affidavit do not constitute improper legal conclusions.
Summary
      Appellants failed to preserve their objections to the form of Aledo’s and Norman’s summary
judgment proof for our review. Their objections to the substance of the summary judgment proof
are without merit. Accordingly, their first issue is without merit.
SUMMARY JUDGMENT MOTIONS
      Appellants’ third and fourth issues respectively challenge the court’s granting of Appellees’
first and second summary judgment motions. Appellants assert numerous reasons they contend
Appellees failed to conclusively establish their entitlement to judgment.
Standard of Review
      To prevail on a summary judgment motion, the movant must demonstrate that there are no
genuine issues of material fact and that it is entitled to judgment as a matter of law. See American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Prop. Management
Co., 690 S.W.2d 546, 548 (Tex. 1985); Fletcher v. Edwards, 26 S.W.3d 66, 73 (Tex.
App.—Waco 2000, pet. denied). We disregard all conflicts in the evidence and accept the
evidence favoring the nonmovant as true. See Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965); Fletcher, 26 S.W.3d at 73. We indulge
every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts
in its favor. See American Tobacco, 951 S.W.2d at 425; Fletcher, 26 S.W.3d at 73. “When the
trial court does not specify the basis for its summary judgment, the appealing party must show it
is error to base it on any ground asserted in the motion.” Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995); Fletcher, 26 S.W.3d at 74.
Breach of Contract
      Appellants allege in their petition that Aledo breached an agreement with Choctaw created by
Aledo’s acceptance of ad valorem taxes from Choctaw and by the April 1996 letter from Norman. 
Aledo contended in its second summary judgment motion that Appellants cannot prevail on their
contract claim because: (1) Choctaw made no offer in exchange for the letter; (2) there was no
meeting of the minds; and (3) Choctaw offered no consideration for the alleged promises made.
      Frazier states in his affidavit that Choctaw paid ad valorem taxes to Aledo for the property
the Cunninghams bought. Aledo does not dispute in either of its summary judgment motions that
Choctaw paid ad valorem taxes to Aledo on the property in question. Neither does Aledo dispute
the existence or content of Norman’s letter.
      Settled law establishes that the requisites for a valid contract are: “(1) an offer, (2) an
acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each
party’s consent to the terms, and (5) execution and delivery of the contract with the intent that it
be mutual and binding.” New Caney Indep. Sch. Dist. v. Burnham AutoCountry, Inc., 30 S.W.3d
534, 537 (Tex. App.—Texarkana 2000, pet. denied); accord Copeland v. Alsobrook, 3 S.W.3d
598, 604 (Tex. App.—San Antonio 1999, pet. denied).
      To determine whether there was a meeting of the minds, a court reviews in an objective
fashion “what the parties actually said and did” without consideration of subjective intent. New
Caney Indep. Sch. Dist., 30 S.W.3d at 538 (quoting Copeland, 3 S.W.3d at 604). “[T]he court
looks to the communications between the parties and to the acts and circumstances surrounding
those communications.” Copeland, 3 S.W.3d at 605.
      Here, Choctaw paid ad valorem taxes as it was obligated by law to do. Norman issued the
letter as he believed the Parker County ordinance required him to do. Even indulging all
reasonable inferences and resolving all doubts in Appellants’ favor, we cannot agree that the
conduct by the parties in this regard raises a genuine issue of material fact on the question of
whether the parties had a meeting of the minds. Accordingly, we hold that Aledo conclusively
established that the parties did not form a contract.
Declaratory Relief/Estoppel
      Appellants’ claim against Aledo for declaratory relief rests in their contention that Aledo is
estopped to deny that the Cunninghams’ property lies in the Aledo district because Aledo collected
ad valorem taxes paid by Choctaw with reference to the property in question and because
Norman’s letter states that the property lies within the Aledo district. Aledo contended in its
second summary judgment motion that it is entitled to judgment as a matter of law on Appellants’
estoppel claim because a school district is not subject to estoppel. Appellants aver in their fourth
issue that a genuine issue of material fact remains on the question of whether Aledo is estopped
to deny that the Cunninghams’ property lies within the district’s boundaries.
      Generally, a governmental unit is not subject to estoppel in the exercise of its governmental
functions. Bowman v. Lumberton Indep. Sch. Dist., 801 S.W.2d 883, 888 (Tex. 1990); Dillard
v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 595 (Tex. App.—Austin 1991, writ denied). The
Court in Bowman described the exception to this general rule by stating that “municipalities and
similar local units of government ‘may be estopped in those cases where justice requires its
application, and there is no interference with the exercise of its governmental functions.’” 801
S.W.2d at 888 (quoting City of Hutchins v. Prasifka, 450 S.W.2d 829, 836 (Tex. 1970)); accord
Dillard, 806 S.W.2d at 595.
      Public school districts perform only governmental functions. Canutillo Indep. Sch. Dist. v.
Olivares, 917 S.W.2d 494, 496 (Tex. App.—El Paso 1996, no writ); Dillard, 806 S.W.2d at 594;
Braun v. Trustees of Victoria Indep. Sch. Dist., 114 S.W.2d 947, 949-50 (Tex. Civ. App.—San
Antonio 1938, writ ref’d) (citing Tex. Const. art. VII, § 1).


 For this reason, the Austin Court
of Appeals determined in Dillard that school districts are subject only to estoppel claims which
sound in contract. 806 S.W.2d at 595 & n.8; see also La Villa Indep. Sch. Dist. v. Gomez Garza
Design, Inc., 79 S.W.3d 217, 221-22 (Tex. App.—Corpus Christi 2002, pet. denied) (school
board estopped from denying superintendent authorized to sign contract sued on). We agree with
this reasoning.
      We have already determined that Choctaw did not have a contract with Aledo. Accordingly,
Aledo conclusively established that it cannot be estopped to deny that the Cunninghams’ property
lies within the district’s boundaries.
Professional School Employee Immunity
      Norman argued in his first summary judgment motion that he is immune from all of
Appellants’ claims under the former section 22.051 of the Education Code.


 Appellants contend
in their third issue that Norman failed to conclusively establish that writing the April 2 letter was
within the scope of his duties as superintendent.
      Section 22.051(a) exempts a professional employee


 of a school district from personal liability
“for any act that is incident to or within the scope of the duties of the employee’s position.” Act
of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 22.051(a), 1995 Tex. Gen. Laws 2207, 2283
(amended 2003) (current version at Tex. Educ. Code Ann. § 22.0511(a) (Vernon Supp. 2004)). 
Norman stated in his affidavit that issuance of the letter was within the scope of his duties as
superintendent because: (1) Parker County requires a letter from the superintendent of the school
district within which a new subdivision lies before the county will approve the subdivision plat;
(2) section 11.06 of the Parker County Subdivision Regulations requires a letter from the
superintendent indicating that bus service will be available to homes in the new subdivision as a
prerequisite to plat approval; and (3) Aledo does not provide bus service to students living in
another school district.
      Section 11.06 of the Parker County Subdivision Regulations states, “Subdividers must present
a signed statement from the appropriate school district regarding the availability of school bus
service. This must accompany the plat before final approval will be given.”
      By statute, the superintendent “is the educational leader and the chief executive officer of the
school district.” Tex. Educ. Code Ann. § 11.201(a) (Vernon Supp. 2004). The duties of a
superintendent are statutorily defined. Section 11.201 of the Education Code provides in pertinent
part that a superintendent’s duties include “managing the day-to-day operations of the district as
its administrative manager.” Tex. Educ. Code Ann. § 11.201(d)(5) (Vernon Supp. 2004).
      We have already rejected Appellants’ challenges to the form and substance of Norman’s
summary judgment proof. Appellants summarily contend in their brief and in their response to
Norman’s summary judgment motion, “In this case, Norman has failed to establish that he had any
duty to issue that April 2, 1996 letter or any duty to determine whether the Property was within
AISD’s boundaries.”



      According to the summary judgment record, the Cunninghams’ property lies in Parker
County. Parker County requires developers to obtain documentation from the school district in
which a new subdivision lies indicating whether the district will provide bus service to children
in the subdivision. As Aledo’s chief executive officer, Norman clearly possessed the authority to
issue a letter confirming that Appellants’ subdivision lay within Aledo’s boundaries, thus
indicating that Aledo would provide bus service to children in the subdivision.
      For the foregoing reasons, we conclude that Norman conclusively established that issuance
of the April 2 letter was within the scope of his duties as Aledo’s superintendent. See Williams
v. Chatman, 17 S.W.3d 694, 699 (Tex. App.—Amarillo 1999, pet. denied) (school employees’
summary judgment affidavits established as a matter of law that they were acting within the scope
of their duties on the occasion in question).
CONCLUSION
      Aledo conclusively established that the parties did not have a contract and that it cannot be
estopped to deny that the Cunninghams’ property lies in another school district. Norman
conclusively established that he is entitled to the statutory immunity provided by section 22.051(a)
of the Education Code.
      These grounds are dispositive of all of Appellants’ claims against Aledo and Norman. The
trial court did not specify the basis for its ruling. Accordingly, we need not address the other
grounds presented in the summary judgment motions. See Star-Telegram, 915 S.W.2d at 473;
Fletcher, 26 S.W.3d at 74. Thus, Appellants’ third and fourth issues are without merit.
      We affirm the judgment.

                                                                   BILL VANCE
                                                                   Justice
Before Chief Justice Gray, and
      Justice Vance
      (former Chief Justice Davis not participating)



      (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed December 17, 2003
[CV06]